# UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the Search of )
A BLACK AND GOLD LG PHONE S/N 807VTCL1197475 )
(DEVICE 1) BLACK iPHONE WITH CLEAR SCREEN ) Case No. 8:19MJ103
PROTECTOR AND BLACK TRANSLUCENT CASE )
(DEVICE 2) LOCATED AT THE OMAHA FBI OFFICE )
4411 SOUTH 121st COURT, OMAHA, NEBRASKA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A (INCORPORATED BY REFERENCE)

located in the _____ District of ___Nebraska___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B (INCORPORATED BY REFERENCE)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21:841, 846 | Conspiracy to distribute and possess with intent to distribute controlled substance |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Anthony Peterson, Federal Bureau of Investigation
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date: 2-27-19

_____
*Judge's signature*

City and state: Omaha, Nebraska            SUSAN M. BAZIS, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| |
|---|
| IN THE MATTER OF THE SEARCH OF A BLACK AND GOLD LG PHONE S/N 807VTCL1197475 (**DEVICE 1**) BLACK iPHONE WITH CLEAR SCREEN PROTECTOR AND BLACK TRANSLUCENT CASE (**DEVICE 2**) LOCATED AT THE OMAHA FBI OFFICE 4411 SOUTH 121st COURT, OMAHA, NEBRASKA |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Anthony Peterson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant is an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), SA Anthony Peterson and have been so for approximately 8 years. Prior to joining the FBI as a SA, I worked as a Police Officer with the Omaha Police Department for over 5 years, mainly in Uniform Patrol. As an FBI SA, I have received training on a multitude of in service training of federal offenses at the FBI training academy, the FBI quarterly training, as well as other Law Enforcement Training venues. I regularly refer to these laws and regulations during the course of my official duties. In my duties at the FBI, I have been assigned to assist with large scale gang and narcotics investigations which have resulted in search warrants, arrests, and other

investigative techniques. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed, are being committed, and will be committed by Anthony Moore. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PURPOSE OF AFFIDAVIT

4. Your Affiant submits this Affidavit in support of an Application under Rule 41 of the Federal Rules of Criminal Procedure for a Warrant to search and seize data and records, further described in ATTACHMENT B, from cellular communication devices, specifically described as: DEVICE 1- A Black and Gold LG Phone S/N 807VTCL1197475, DEVICE 2- Black iPhone with clear screen protector and black translucent case, further described in ATTACHMENT A.

5. Through Your Affiant's training and experience, Your Affiant is aware that individuals who deal in illegal controlled substances commonly use cellular telephones to

maintain addresses; telephone numbers; bank account information, including deposit amounts, names and numbers; drug and money ledgers; directions and instructions; travel, time, and route navigation information; and other information specific to drug dealing.  In addition to continuing their illegal businesses, these individuals often utilize cellular phones to maintain contact with their criminal associates; to access the internet; to transact banking and other financial business over the internet; and to keep records of these transactions on the computer memories.  Oftentimes, travel, transportation, and transaction instructions are sent and received via text message, e-mail or instant messages which are stored on the digital memories of these devices.  Internet e-mail providers require little or no personal information to activate e-mail accounts used to give directions and to report progress in furtherance of the illegal drug trade. These e-mail messages are stored on the memories of the cellular telephones. Memory in cellular telephones includes internal memory, and memory storage on removable devices such as SIM cards and SD cards.  In addition, some devices have built in electronic digital cameras and digital video capabilities.  Individuals who deal in illegal controlled substances often take, or cause to be taken, photographs of themselves their associates their properties and their illegal products and merchandise.  Lastly, I know that cellular telephones can store information for long periods of time, and even if records are deleted, many times, through the use of forensic tools, the records may be retrieved.

      6.     Searching for the evidence described may require a range of data analysis techniques.  In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence.  In other cases, however, such techniques may not yield the evidence described in the warrant.  Criminals can

mislabel or hide information; encode communications to avoid using key-words; attempt to delete information to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require law enforcement officers or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in the Attachments, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, the FBI intends to use whatever data analysis techniques necessary to locate and retrieve the evidence sought.

## TECHNICAL TERMS

7.  Based on Your Affiant's training and experience, Your Affiant uses the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on

personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b. Digital camera: A digital camera is a device that records still and moving images digitally. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

    c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store any digital data, such as word processing documents, even if the device is not designed to access such files. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

    d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS

navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

    e.  PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive email. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

    f.   Digital display device:  A digital display device is a handheld wireless electronic device used to contact an individual through an alert, or a numeric or text message sent over a telecommunications network or internet network.  Some devices enable the user to send, as well as receive, text messages.

    g.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer or other such device attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers or other such device have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

    h.   Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    8.    Based on Your Affiant's training, experience, and research, Your Affiant knows that the Devices described in this affidavit as DEVICE 1, DEVICE 2 and DEVICE 3, commonly have capabilities that allow it to serve various functions, including, but not limited to, a wireless telephone; a digital camera; a portable media player; a GPS navigation device; a digital display device, and a PDA with an internet connection.  In my training and experience, examining data

stored on cellular telephones of this type can uncover, among other things, evidence which reveals or suggests the identity of the person or persons who possessed or used the device as well as information regarding criminal activities and criminal conspirators.

**PROBABLE CAUSE**

9. Since October of 2017, The Omaha FBI, Douglas County Sheriff's Office and Greater Omaha Safe Streets Task Force have been actively investigating the Anthony Moore cocaine distribution network. During this investigation undercover purchases of cocaine were made from Anthony Moore and Robert Harris-Hearnes.

10. On November 7, 2018; December 5, 2018 and January 3, 2019, Nebraska State Wire Intercepts were signed by Douglas County District Court Judge Gary B. Randall on the phone (402) 312-8053 used by Robert Harris-Hearnes. On December 26, 2018 and January 24, 2019 United States District Court for the District of Nebraska, order authorizing the interception of wire and electronic communications were signed by United States District Court Chief Judge John M. Gerrard for the phones (762) 524-2390 and (402) 981-6776 used by Anthony Moore. From intercepted calls and activities observed through surveillance, Anthony Moore and Robert Harris-Hearnes were identified as cocaine distributors and Isaac Johnson was identified as a supplier of cocaine to Anthony Moore.

11. From an intercepted phone call on February 15, 2019, between Anthony Moore and Isaac Johnson, investigators learned that Isaac Johnson would be resupplying Anthony Moore with cocaine on February 17, 2019.

12. On February 16, 2019, a District of Nebraska Federal Search Warrant for 4834 South 93rd Avenue, Omaha, Nebraska, was signed by United States Magistrate Judge Susan M. Bazis. This search warrant was executed on February 17, 2019.

13. Upon execution of the above search warrant Anthony Moore was contacted in 4834 South 93rd Avenue, Omaha, Nebraska. Upon search of 4834 South 93rd Avenue 133 grams of white powder, field test positive as cocaine, were located inside a basement safe, **DEVICE 1** and **DEVICE 2** were located in a basement bedroom and identified as belonging to Anthony Moore.

14. From experience, Your Affiant knows that data analysis techniques required to search electronic devices can be time consuming. Searches begun during daytime hours may extend into nighttime hours. For this reason, Your Affiant requests authorization to execute the Warrant at any time in the day or night.

15. Your Affiant believes that **DEVICE 1** and **DEVICE 2** contain valuable information and evidence directly related to the purchase, transportation, and distribution of cocaine, pursuant to Title 21, United States Code, Section 841 and Section 846, and could assist investigators in identifying the sources of supply and other known criminal associates. These devices are presently located within the District of Nebraska, at the FBI Omaha Office located at 4411 South 121st Court, Omaha, Nebraska. Accordingly, Your Affiant respectfully requests that this Honorable Court issue a Warrant allowing the search of these devices.

_____
ANTHONY PETERSON
Special Agent

FEDERAL BUREAU OF INVESTIGATION

SUBSCRIBED TO AND SWORN before me this __27__ day of February, 2019.

_____
SUSAN M. BAZIS
United States Magistrate Judge
District of Nebraska

# ATTACHMENT A

Item to be searched:

**DEVICE #1** A Black and Gold LG Phone S/N 807VTCL1197475, seized on February 17, 2019. Photo of **DEVICE #1** attached below:



**DEVICE #2**– Black iPhone with clear screen protector and black translucent case, seized on February 17, 2019. Photo of **DEVICE #2** attached below:



# ATTACHMENT B

The items to be seized from **DEVICE 1** and **DEVICE 2**:

1.   All data and records contained in the Devices, which constitute fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1) and/or conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, including:

   a. Data, including but not limited to, telephone numbers of the accessed device, telephone numbers for incoming calls and SMS and MMS messages' dialed outgoing telephone numbers' numeric messages sent or received; voice mail and other verbal messages sent or received; address and telephone/pager number listings; contacts; electronically composed memorandum; any time and/or date markings and/or calendar format organization of /such data; or any other data related to drug-trafficking or money laundering; including photographs, videos, and audio recordings; which may be stored, received, or sent, contained in the electronic memory of the previously described device; lists of customers; and related identifying information;

   b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. Any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

   d. Any information recording Anthony Moore, Isaac Johnson, Robert Harris-Hearnes and others known and unknown schedule or travel;

   e. Bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned **DEVICE 1** and **DEVICE 2** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records and other data evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal co-conspirators, or unwitting individuals or institutions which were used to facilitate drug trafficking or money laundering crimes, to include:

   a. Records of Internet Protocol addresses used;

   b. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form, and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | |
| A BLACK AND GOLD LG PHONE S/N 807VTCL1197475 ) | Case No.   8:19MJ103 |
| (DEVICE 1) BLACK iPHONE WITH CLEAR SCREEN ) | |
| PROTECTOR AND BLACK TRANSLUCENT CASE ) | |
| (DEVICE 2) LOCATED AT THE OMAHA FBI OFFICE ) | |
| 4411 SOUTH 121st COURT, OMAHA, NEBRASKA ) | |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of       Nebraska
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A (INCORPORATED BY REFERENCE)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B (INCORPORATED BY REFERENCE)

**YOU ARE COMMANDED** to execute this warrant on or before      March 13, 2019      *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____SUSAN M. BAZIS_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of                              .

Date and time issued:    2-27-19 at 4:32 p.m.                                *Susan M Bazis*
                                                                                                   *Judge's signature*

City and state:    Omaha, Nebraska                                    SUSAN M. BAZIS, U.S. MAGISTRATE JUDGE
                                                                                            *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>   8:19MJ103 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

Item to be searched:

**DEVICE #1** A Black and Gold LG Phone S/N 807VTCL1197475, seized on February 17, 2019. Photo of **DEVICE #1** attached below:



**DEVICE #2**– Black iPhone with clear screen protector and black translucent case, seized on February 17, 2019. Photo of **DEVICE #2** attached below:



# ATTACHMENT B

The items to be seized from **DEVICE 1** and **DEVICE 2**:

1.      All data and records contained in the Devices, which constitute fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1) and/or conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, including:

   a. Data, including but not limited to, telephone numbers of the accessed device, telephone numbers for incoming calls and SMS and MMS messages' dialed outgoing telephone numbers' numeric messages sent or received; voice mail and other verbal messages sent or received; address and telephone/pager number listings; contacts; electronically composed memorandum; any time and/or date markings and/or calendar format organization of /such data; or any other data related to drug-trafficking or money laundering; including photographs, videos, and audio recordings; which may be stored, received, or sent, contained in the electronic memory of the previously described device;  lists of customers; and related identifying information;

   b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. Any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

   d. Any information recording Anthony Moore, Isaac Johnson, Robert Harris-Hearnes and others known and unknown schedule or travel;

    e.  Bank records, checks, credit card bills, account information, and other financial records.

2.    Evidence of user attribution showing who used or owned **DEVICE 1** and **DEVICE 2** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.    Records and other data evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal co-conspirators, or unwitting individuals or institutions which were used to facilitate drug trafficking or money laundering crimes, to include:

    a.  Records of Internet Protocol addresses used;

    b.  Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4.    As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form, and by whatever means they may have been created or stored, including any form of electronic storage (such as flash memory or other media that can store data) and any photographic form.